UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TIMOTHY GLICK,** individually and on behalf of all others similarly situated, *Plaintiff,* v. **ALLY FINANCIAL, INC.,** a Delaware corporation, *Defendant.* | Case no. **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Timothy Glick ("Glick" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Ally Financial, Inc. ("Defendant" or "Ally") to stop Defendant from violating the Telephone Consumer Protection Act by making autodialed calls to consumers without their consent, and to obtain injunctive and monetary relief for all persons harmed by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1. Ally is a financial services company that engages in debt collection by phone on behalf of various lenders.

2. Ally uses skip-tracing to attempt to locate phone numbers for consumers with debts that Ally is looking to collect on behalf of its lender clients.

3. Ally regularly calls cellular phone numbers it obtains through skip-tracing using an autodialer, despite the fact that Ally does not have consent to place autodialed calls to any cellular phone numbers it obtains through skip-tracing if they are not in fact associated with the consumers Ally is seeking to collect debts from.

4. Plaintiff received 3 autodialed calls from Ally, despite the fact that he does not have a past due account that has ever been referred to Ally for collection, and he has otherwise never had a relationship with Defendant or the consumer Defendant was calling about.

5. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to stop making autodialed collection calls to consumers without their consent, as well as an award of statutory damages to the members of the Class and costs.

## PARTIES

6. Plaintiff Glick is, and at all times relevant to the Complaint was, a Cincinnati, Ohio resident.

7. Defendant Ally is a Delaware corporation headquartered in Detroit, Michigan.

## JURISDICTION AND VENUE

8. This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227.

9. This court has personal jurisdiction over Defendant and venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant resides in this District, and because Defendant's calls were directed to Plaintiff from this District.

## COMMON ALLEGATIONS

### Ally Places Autodialed Calls to Cell Phone Numbers it Obtains through Skip-Tracing

10. Ally uses skip-tracing to attempt to track down phone numbers for consumers that are delinquent on their accounts.[1,2]

11. However, skip-tracing at times results in the identification of cell phone numbers for a particular consumer that should not in fact be associated with that consumer. As a result, some calls Ally makes to cell phone numbers obtained through skip-tracing are *wrong number* calls – i.e., they are not in fact made to the consumers Ally is attempting to collect a debt from.

12. The calls Ally makes to these consumers who have not been referred to Ally for collection are made without the recipient's consent.

13. In placing these unauthorized, Defendant uses an automatic telephone

---

[1] https://www.indeed.com/jobs?q=Repossession+Skip+Tracing+Representative&advn=3427833976564419&vjk=a1c9519ee69ccc11
[2] https://www.primeritus.com/blog/primeritus-financial-services-receives-top-honor-ally-financial/

3

dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, hardware and software with the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

14. In fact, in another case in this Circuit, *Ammons v. Ally Financial Inc.*, 3:17-cv-00505 (M.D. Tenn.), the court ruled that Ally's dialer equipment is an autodialer under the TCPA.[3]

15. Not surprisingly, there are many online complaints from consumers about unauthorized calls they received from Ally as a result of Ally's skip-tracing practices:

- "This number keeps calling me. I see people on here say it's Nuvall auto finance…I called it back and it is answered as Ally Financial. Don't know why they're calling me… I do not hae a car loan and I do not deal with Ally Financial at all!"[4]

- "I've had two calls from this number. Messages were left on my phone for my older brother. I don't know how they got my number, but I wish they stop calling."[5]

- "Just talked to a girl named Lori and she asked for a former friend of

---

[3] *Ammons v. Ally Fin., Inc.*, 326 F. Supp. 3d 578 (M.D. Tenn. 2018)
[4] https://800notes.com/Phone.aspx/1-888-673-8490/8
[5] *Id.*

4

mine. I explained that she is a former friend and this is not her number. Lori then processed to give me a call back [from] number 855-306-6939 and I give a message. I repeated that the person she was asking for is a FORMER friend."[6]

- "Asks for a variety of names, then I tell her she won't get into of who I am, lose my number. Then click[.]"[7]

- "Doesn't leave message. Don't have anything through them and don't know why they called."[8]

## PLAINTIFF'S ALLEGATIONS

16. On March 7, 2019 at 10:20 AM, Plaintiff received a call on his cell phone from Ally using the phone number 888-673-8490. Ally's voicemail stated:

"I've got a message for a Michelle Brooks. Please call us back today at 855-306-6939. Again it's 855-306-6939. We're open daily from 7:00 AM 'till midnight eastern standard time. This is (Cheryl?) and we will be expecting your call as soon as possible. Thank you."

17. On March 8, 2019 at 8:56 AM, Plaintiff received a second call from Defendant, again using phone number 888-673-8490. Plaintiff was unable to answer this call.

18. On March 11, 2019 at 8:10 AM, Plaintiff received an autodialed call from Defendant using phone number 888-673-8490 on his cellular phone. When Plaintiff answered this call, there was a long pause of dead silence before the Ally agent came on the line.

19. The agent told Plaintiff that she was looking for Michelle Brooks.

---

[6] https://whocalled.us/lookup/8886738490
[7] https://800notes.com/Phone.aspx/1-855-306-6939
[8] https://findwhocallsyou.com/8886738490?CallerInfo

5

Plaintiff answered, explaining that the agent had the wrong number and asked not to be called again. Plaintiff then hung up the phone.

20. In 2013, Plaintiff acquired his cell phone number. Upon information and belief, the previous owner of Plaintiff's cell phone number was Michelle Brooks.

21. Upon information and belief, Ally called Plaintiff's cellular phone number as a result of its skip-tracing attempts to locate Michelle Brooks.

22. When one calls the phone number 888-673-8490 (the number that called Plaintiff), an automated message identifies the number as belong to Ally Financial and directs the caller to the website ally.com/auto.

23. Similarly, when one calls 855-306-6939, the phone number Plaintiff was asked to call in the voicemail he received, an automated message identifies the number as belong to Ally Financial and directs the caller to the website ally.com/auto.

24. Ally never obtained Plaintiff's prior express consent to place any telephone calls to his cell phone number using an autodialer.

25. The unauthorized telephone calls made by Ally as alleged herein have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Glick's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

6

26.     Seeking redress for these injuries, Glick, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits autodialed calls to cell phone numbers without consent.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

27.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using the same equipment Defendant used to call Plaintiff, and (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims they supposedly obtained prior express consent to call the Plaintiff Glick, or (b) it did not obtain prior express written consent.

28.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6)

persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

29. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class who received *wrong number* calls on their cell phones from Ally as a result of skip-tracing such that joinder of all members is impracticable.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the conduct of Defendant constitutes a violation of the TCPA;

(b) whether Defendant utilized an automatic telephone dialing system to make its calls to Plaintiff and the members of the Class;

(c) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express consent to make the calls; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent

and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Class)

33.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them by reference herein.

34.     Defendant and/or its agents made unauthorized collection telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class using an autodialer.

35.     These collection telephone calls were made *en masse* without the prior express consent of Plaintiff and other members of the Class.

36.     Defendant made the calls negligently or knowingly and wilfully.

37.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to between $500 and $1,500 in damages for each violation of such act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Glick, individually and on behalf of the Class, prays for the following relief:

a)     An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class, and appointing his attorneys as Class Counsel;

b)     An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA.

d) An injunction requiring Defendant to cease all unlawful autodialed calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a jury trial of all claims.

Dated: April 17, 2019

**TIMOTHY GLICK**, individually and on behalf of all others similarly situated,

/s/ George Blackmore
George Blackmore (P76942)
BLACKMORE LAW PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
Telephone: (248) 845-8594
Facimile: (855) 744-4419
E-Mail:george@blackmorelawplc.com
Local Counsel for Plaintiff and the putative

Stefan Coleman
Law@StefanColeman.com
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd., 28th floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
*Counsel for Plaintiff and the Class*

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street

11

            Miami, FL 33127
            Telephone: (305) 469-5881
            *Counsel for Plaintiff and the Class*